IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| AMY LOUISE BLACKBURN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 5:23-CV-161-H-BQ |
| § | |
| LUBBOCK FBI, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Amy Louise Blackburn has filed a Complaint seeking relief in this Court, along with an Application to Proceed *In Forma Pauperis* (IFP) and a Motion for the Appointment of Counsel. ECF Nos. 1, 5, 6, 9.[1] Under *Special Order No. 3-251*, the case was automatically referred to the undersigned for further proceedings. ECF No. 2. The undersigned now recommends that the United States District Judge (1) dismiss Blackburn's Complaint without prejudice for lack of subject matter jurisdiction and (2) deny all pending motions.

### I.   Procedural History

On July 27, 2023, Blackburn filed a Complaint asserting claims against the following parties: (1) Lubbock FBI; (2) John Waters Sr.; (3) John Waters Jr.; (4) Robert Alan Fiel; (5) James Johnson; (6) Roger Pittman; and (7) Robert Suddarth. Compl. 1, ECF No. 1.[2] Blackburn alleges diversity subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 1-1.

---

[1] Blackburn filed ECF No. 9 on August 22, 2023. Similar to her other filings, it is vague, confusing, and unhelpful in elucidating her claims. Among other things, Blackburn: (1) demands return of all "images" of herself; (2) provides details about *her* alleged assault *against* one of the Defendants; (3) seeks "discovery"; and (4) seeks issuance of subpoenas to 58 individuals. Nothing in this latest filing alters the analysis herein or the undersigned's findings and recommendation.

[2] Page citations to Blackburn's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

The Court entered an order finding that Blackburn's Complaint fails to establish diversity jurisdiction and directing her to supplement her Complaint with facts necessary to establish subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 7. The undersigned explained that diversity jurisdiction exists "where *all* parties are diverse from another and the amount in controversy exceeds $75,000." *Id.* at 2. Blackburn's Complaint does not provide the citizenship of each defendant, nor does she plead facts sufficient to determine whether she satisfied the amount in controversy requirement. *Id.* The Court also noted that "Blackburn cannot rely on diversity if she intends to sue a federal agency." *Id.* at 2 n.2. Finally, the Court advised Blackburn that she could invoke other grounds for subject matter jurisdiction. *Id.* at 3 (citing 28 U.S.C. § 1331).

Blackburn then filed a 19-page document titled "specifics," ostensibly in response to the Court's order. ECF No. 8. For the reasons explained below, Blackburn's supplemental filing again fails to establish this Court's subject matter jurisdiction.

## II.   Discussion

### A. Blackburn's Claims

Blackburn pleads virtually no facts in support of her Complaint. Compl. 1. She merely lists the Defendants and describes the claim as involving "major [and] severe personal injury." *Id.* Beyond this, Blackburn provides various documents with no explanation, including: (1) a scrap of paper with the telephone number for Lubbock Animal Services; (2) Lubbock Police Department case numbers; (3) a fine from the City of Lubbock for a public nuisance violation; and (4) photographs of unidentified people. *Id.* at 2–16. In the civil cover sheet, Blackburn describes the personal injury as a sexual assault and states that the claim relates to her divorce in 1986. ECF No. 1-1. According to the cover sheet, she seeks $2,000,000 in damages. *Id.*

Blackburn's Supplemental Complaint offers more details but provides little clarity. Suppl. Compl. 1–19, ECF No. 8. The filing covers various incidents with several people—some named in the Complaint and some not. *Id.* Blackburn does explain, however, that the primary incident giving rise to this suit happened sometime before 1987. *Id.* at 4; *see id.* at 1 (alleging "the police state statute of limitations on original sexual assault"). Defendant Waters Sr. and Defendant Waters Jr. were apparently named in connection with this incident. *Id.* at 1–4, 7–8, 10, 14. Blackburn notes that the perpetrator sent her a letter from Ireland on some unspecified date, but she does not otherwise address his citizenship for diversity purposes. *See id.* at 1.

Blackburn also references other events after the assault, most of which do not appear to relate to the personal injury claim and none of which are sufficient to establish this Court's subject matter jurisdiction. *Id.* at 5–19. As to the Defendants in this action, Blackburn explains that her claim against Defendant Pittman relates to a car accident in 2020. *Id.* at 6, 17. Blackburn's allegation against Defendant Suddarth involves a separate personal injury claim, and occurred while she was dating the man that she divorced in 1986. *Id.* at 16; *see id.* at 4. Defendant Johnson was apparently her ex-husband's divorce attorney and Defendant Fiel was her ex-husband's father, who died before they married, but she does not raise any independent discernable claim against either Defendant. *See id.* at 4, 15.

Blackburn does not plead any facts in support of her claim against the Lubbock FBI. Compl. 1. At most, she makes various assertions involving unnamed federal officials. *See, e.g.,* Suppl. Compl. 5 (alleging her cousin's daughter "was set up by feds"), 6 (contending her sister was "targeted by the federal people" and another sister "has also been harassed by the federal people"), 8 (claiming her parents' "radiation treatments" were modified "by a federal agent to torture" them), 9–10 (asserting "federal friend of my parents wife's arm chopped off by a dump

truck, year 1991? [sic all]"), 12 (maintaining "the federal people are still 'going after' my family"), 13 (averring "the federal people" did not "want to catch" the man that assaulted her and only wanted to "make his life miserable").

Finally, the remaining allegations in Blackburn's Supplemental Complaint constitute generalized grievances, including those alleged against her ex-husband and the "ex-cons living next door." *Id.* at 4, 7, 9, 11–12, 15. The Court does not credit these additional assertions because they "are conclusory and are insufficient to support her attempt to establish subject-matter jurisdiction." *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam).

### B. Blackburn has not pleaded facts sufficient to establish this Court's subject matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see Kokkonen*, 511 U.S. at 377 (explaining that federal courts must presume "that a cause lies outside this limited jurisdiction"). As such, federal courts have a duty to examine their own subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). The party invoking the court's jurisdiction bears the burden of establishing it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A court may properly dismiss a case "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

Blackburn asserts subject matter jurisdiction for this personal injury suit under 28 U.S.C. § 1332. ECF No. 1-1. "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Federal courts have diversity jurisdiction where *all* parties on one side are diverse from those on the other and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see Settlement Funding*, 851 F.3d at 536 ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." (alteration in original) (citation omitted)). Despite the Court's order explaining that Blackburn must "provide the citizenship of *each* defendant," she has not done so. *See* ECF Nos. 7, 8. At most, Blackburn pleads these facts: (1) Defendant Waters Jr. mailed her a letter from Ireland sometime within the last 40 years; (2) Defendant Waters Sr. was a police officer in Chicago in the 1980s; (3) Blackburn met Defendant Suddarth through a connection at Texas Tech University; and (4) Defendant Pittman drove to Lubbock from Huntsville, Alabama, before the car accident in 2020. Suppl. Compl. 1, 4, 16, 18. Blackburn provides no geographical facts as to Defendants Fiel or Johnson.

Blackburn's pleadings do not satisfy diversity requirements. First, Blackburn cannot rely on diversity if she intends to sue a federal agency. *See Hotep v. United States*, No. 3-07-CV-065-K, 2007 WL 1321845, at *2 (N.D. Tex. May 7, 2007). Even assuming she intended to drop her claim against the Lubbock FBI, as reflected by her failure to provide any pertinent facts in the Supplemental Complaint, she still has not established complete diversity as to the remaining Defendants because she fails to "distinctly and affirmatively allege" their citizenship. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation and alteration omitted). Blackburn's refusal or inability to specifically allege facts demonstrating Defendants' citizenship sufficient to

establish complete diversity "mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991); *see Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) (concluding plaintiff "failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity" where the complaint contained "no allegation that [defendants] . . . are citizens of different states").

Moreover, the Court instructed Blackburn to plead additional facts relevant to the amount in controversy requirement. ECF No. 7, at 2. Blackburn has not done so. Ordinarily, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). But "bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction." *Id.* (brackets and citation omitted). What is more, "courts have recognized that 'a statement about damages amount in a civil cover sheet is not sufficient to establish the jurisdictional minimum amount in controversy.'" *Good v. Kroger Tex., L.P.*, No. 4:13–CV–462–A, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) (quoting *Morse v. Am. Sec. Ins. Co.*, No. H–10–4606, 2011 WL 332544, at *2 (S.D. Tex. Jan. 28, 2011)). "[T]he civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure," and "an election on a civil cover sheet is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction." *Id.* (internal quotation marks and citation omitted). Thus, Blackburn's blanket demand for $2,000,000 in the civil cover sheet is not sufficient to satisfy 28 U.S.C. § 1332.

Neither has Blackburn pleaded facts to satisfy federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction under § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (citation omitted). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam) (citation omitted)).

Blackburn's discernable claims against private parties involve personal injury and property damage, which ordinarily arise under state law. *See Williams v. Nails By Pro*, No. 4:03-CV-137-Y, 2003 WL 21356792, at *1 (N.D. Tex. June 10, 2003) (dismissing case where plaintiff raised a personal injury claim and failed "to allege any facts tending to demonstrate that she ha[d] been unlawfully discriminated against, that her claim [was] against a federal agency under the Federal Tort Claims Act . . . , or that she ha[d] any other federal claim"). And allegations vaguely referencing unspecified "federal people" are not enough to raise a viable claim under the Federal Tort Claims Act (FTCA). *See Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988) (concluding that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction"). Moreover, these claims almost exclusively concern wrongs committed against individuals *other than* Blackburn, and she generally lacks standing to bring claims on behalf of others. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) ("Ordinarily, under the general principles of standing, a litigant may not merely champion the rights of another." (internal quotation marks and citation omitted)). In short, Blackburn's bare Complaint is not enough to raise a federal question. *See Wylie v. Facebook*, No. 4:19-cv-00058-O-BP, 2019 WL 5458872, at *2 (N.D. Tex. Oct. 4, 2019) (recommending dismissal for lack of subject matter jurisdiction where there were "no facts to establish" federal question jurisdiction beyond plaintiff's "conclusory statement that he was defrauded over the internet"), *R. & R. adopted by* 2019 WL 5457073 (N.D. Tex. Oct. 24, 2019).

Accordingly, the Court finds that Blackburn has failed to plead and establish subject matter jurisdiction over her claims. The undersigned granted Blackburn an opportunity to amend, but she failed to cure the jurisdictional deficiency despite the admonishment that failure to do so could result in dismissal. *See* ECF No. 7.

Additional opportunity to amend would be futile because even if she could establish complete diversity, Blackburn's discernable claims are most likely barred by the applicable statute of limitations. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 283 (5th Cir. 2008) (concluding amendment is futile where claims are time-barred). Blackburn filed suit on July 27, 2023. ECF No. 1. The primary personal injury claim giving rise to this suit occurred before 1987, and that incident is the apparent basis for Blackburn's claims against Defendants Waters Sr., Waters Jr., Fiel, and Johnson. *See* Suppl. Compl. 1–4, 7–8, 10, 14–15. The personal injury claim against Defendant Suddarth accrued sometime before 1986, and the car accident with Defendant Pittman was in 2005. *See id.* at 4, 6, 16. Texas has a two-year statute of limitations for personal injury and property damage claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Blackburn's identifiable claims are therefore barred under Texas law and the district judge need not grant Blackburn an additional opportunity to amend her Complaint.

### III. Recommendation

Because Blackburn has not established that this Court has subject matter jurisdiction over her personal injury suit, the undersigned recommends that the United States District Judge dismiss the Complaint without prejudice. Finally, the undersigned recommends that the United States District Judge deny as moot Blackburn's pending motions. ECF Nos. 5, 6, 9.

## IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 23, 2023.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

9