UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| AMY LOUISE BLACKBURN,<br><br>    Plaintiff,<br><br>v.<br><br>LUBBOCK FBI, et al.,<br><br>    Defendants. | No. 5:23-CV-161-H-BQ |

**ORDER OVERRULING OBJECTIONS AND ADOPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE, AND DISMISSING THE CIVIL ACTION**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) (Dkt. No. 10) of Magistrate Judge D. Gordon Bryant and the objections (Dkt. Nos. 11–12) filed by the plaintiff, Amy Louise Blackburn. The Court accepts the FCR, denies the plaintiff's objections, and dismisses the plaintiff's claims for want of subject matter jurisdiction.

As noted in the FCR, the plaintiff pleads virtually no facts in support of her Complaint, but merely provides the Court with a variety of miscellaneous items such as "(1) a scrap of paper with the telephone number for Lubbock Animal Services; (2) Lubbock Police Department case numbers; (3) a fine from the City of Lubbock for a public nuisance violation; and (4) photographs of unidentified people." Dkt. No. 10 at 2 (citing Dkt. No. 1 at 2–16). After being ordered to supplement her complaint with facts sufficient to establish federal jurisdiction, the plaintiff responded with more details but little additional clarity. Dkt. No. 7–8. As detailed in the FCR, the plaintiff has not pled facts sufficient to establish this Court's subject matter jurisdiction. *See* Dkt. No. 10 at 4–8. The plaintiff filed some

objections to the FCR in a timely manner (Dkt. No. 11), but she failed to file others within the specified time period. Dkt. No. 12.[1]

A magistrate judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. Fed. R. Civ. P. 72 (b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.* Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-cv-0640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Here, even construing the plaintiff's first set of objections with the leniency mandated by the Fifth Circuit, the Court cannot identify a particular determination to which the plaintiff is objecting. Dkt. Nos. 1, 7, 11, 12. The Magistrate Judge devotes nearly five pages to identifying the various pleading deficiencies present in the plaintiff's filing, particularly related to this Court's subject matter jurisdiction. *See* Dkt. No. 10 at 4–9. After stating that she "object[s] to closing this lawsuit," the plaintiff fails to specifically object to any

---

[1] The Magistrate Judge filed his FCR on August 23, 2023. The plaintiff's first set of objections was filed on August 29, 2023. The plaintiff's second set of objections was filed on September 21, 2023. Even assuming that the plaintiff received service and then subsequently filed her first set of objections on August 29, 2023, the final day that she had to file further objections was September 12, 2023.

particular conclusion or recommendation. *See* Dkt. No. 11. Her first set of objections states no specific ground as to how the FCR improperly concluded that she failed to establish subject matter jurisdiction. *See id.* Because a generalized objection to the FCR in its entirety does not constitute a specific, written objection within the meaning of Rule 72(b), the Court overrules the plaintiff's generalized objection to the FCR. *See Thompson*, 2022 WL 17585271, at *1 (citing *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

In her second, untimely set of objections, the plaintiff asserts various locales as the citizenship of some of the defendants. *See* Dkt. No. 12 at 1. Construing this set liberally, the Court understands this to be an assertion of diversity jurisdiction. *See id.* However, even if the Court could take this alleged citizenship information as a supplement to her pleading, it would fail to establish complete diversity and therefore would not confer subject-matter jurisdiction. *Id.*; *see also In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (describing complete diversity). Under either a *de novo* or a clear error standard of review, the plaintiff's second set of objections fails to establish grounds to reject the FCR.

Having reviewed the plaintiff's remaining objections to the FCR, the Court finds no specific objections and therefore overrules the objections. Furthermore, the Court has examined the record and reviewed the FCR for plain error and finds none. Accordingly, the Court accepts the FCR and dismisses all of the plaintiff's claims without prejudice for want of subject matter jurisdiction. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); *see also* 28 U.S.C. §§ 1331–1332. The Court will enter a judgment in accordance with Federal Rule of Civil Procedure 58 in a separate document. In accordance with that judgment, all other pending motions are denied as moot.

– 4 –

So ordered on October 3, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE